IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LIA,

    Petitioner,

  v.

JAMES A. YATES,

    Respondent.
_____/

No. C 05-02801 JSW

**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**

### INTRODUCTION

On December 2, 2005, this Court denied Petitioner Michael Lia's ("Petitioner") petition for a writ of habeas corpus. Petitioner filed a notice of appeal on an application for a certificate of appealability on December 29, 2005.

### BACKGROUND

On March 17 2003, Petitioner was convicted by a jury in the Superior Court for the State of California in and for the County of San Mateo on 29 counts for violating California Penal Code § 288(a), on 15 counts for violating California Penal Code § 288a(b)(2), and 5 counts for violating California Penal Code § 288(c)(1). On April 29, 2003, Petitioner was sentenced to 26 years in state prison.

Petitioner's sole claim in his petition was that a confession allegedly obtained in violation of *Miranda v. Arizona*, 394 U.S. 436 (1966) was permitted to be introduced at trial. This Court denied Petitioner's federal habeas corpus petition on the merits.

## LEGAL STANDARD

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA") (formerly known as a certificate of probable cause to appeal ("CPC")). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. This requires an overview of the claims in the habeas petition and a general assessment of their merits. It does not require full consideration of the factual or legal bases adduced in support of the claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nor does it require a showing that the appeal will succeed. *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner cannot meet standard for actually obtaining habeas relief). The question is the debatability of the underlying claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342.

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). *Slack*, 529 U.S. at 483. In *Barefoot*, the Supreme Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Id.* (citations and internal quotations omitted; emphasis in original).

The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the Court of Appeals is limited to considering only those claims. *See Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

2

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

Petitioner seeks a COA on the sole claim raised in his petition, namely that the appellate court's conclusion that Petitioner was not "in custody" for purposes of *Miranda* was in error. In arguing the merits of Petitioner's claim, the parties did not dispute that the state appellate court correctly identified the governing legal principles. Rather, the parties disputed whether the application of those principles resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law. This Court concluded that it did not.

The Court recognizes that in ruling on the request for a COA, Petitioner need not demonstrate that he will succeed on appeal. However, for the reasons set forth in its Order denying the petition on the merits, the Court concludes that Petitioner has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Accordingly, Petitioner's application for a COA is DENIED.

**IT IS SO ORDERED.**

Dated: January 5, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE